**UNITED STATES DISTRICT COURT**            JS-6
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES -- GENERAL**

Case No.    **CV 17-2227-JFW(SSx)**          Date: March 31, 2017

Title:     John Hukkanen, et al. -v- Air and Liquid Systems Corporation, et al.

**PRESENT:**

     **HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**     **ATTORNEYS PRESENT FOR DEFENDANTS:**
None                                                           None

**PROCEEDINGS (IN CHAMBERS):**    **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' *EX PARTE* APPLICATION TO REMAND AND FOR AN AWARD OF COSTS INCURRED AGAINST DEFENDANT FOSTER WHEELER LLC AND ITS COUNSEL, HUGO PARKER, LLP [filed 3/30/17; Docket No. 86]**

      On March 30, 2017, Plaintiffs John Hukkanen and Mary Hukkanen (collectively, "Plaintiffs") filed an *Ex Parte* Application to Remand for an Award of Costs Incurred Against Defendant Foster Wheeler LLC and its Counsel, Hugo Parker, LLP ("Application"). On March 31, 2017, Defendant Foster Wheeler LLC ("Foster Wheeler") filed its Opposition. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. After considering the moving and opposing papers, and the arguments therein, the Court rules as follows:

**I.     Factual and Procedural Background**

      On February 22, 2017, Plaintiffs filed a Complaint in Los Angeles Superior Court against Foster Wheeler and numerous other defendants, alleging causes of action for: (1) negligence; (2) breach of express and implied warranties; (3) strict liability; (4) premises owner/contractor liability; and (5) loss of consortium. In the Complaint, Plaintiffs allege that John Hukkanen's mesothelioma was caused by his exposure to asbestos dust and/or fibers. Plaintiffs also allege that John Hukkanen was exposed to asbestos at various times and places, including while serving as a machinist in the U.S. Navy aboard the U.S.S. Somers and the U.S.S. Walke from approximately 1960 through 1968.

      On March 22, 2017, Foster Wheeler removed this action to this Court. In its Notice of

Removal, Foster Wheeler alleges that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1442(a)(1) because Foster Wheeler was acting under an officer or agency of the United States.

Plaintiffs now move to remand this action to Los Angeles Superior Court on the basis that Foster Wheeler's removal was improper and this Court lacks subject matter jurisdiction because Plaintiffs have waived any claims that would give rise to the military contractors immunity defense.

## II.     Legal Standard

A motion to remand is the proper procedure for challenging removal.  *See N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir.1995).  The removal statute is strictly construed, and any doubt about the right of removal is resolved in favor of remand.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992); *see also Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir.1999).  Consequently, if a plaintiff challenges the defendant's removal of a case, the defendant bears the burden of establishing the propriety of the removal.  *See Gaus*, 980 F.2d at 566; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir.1996) (citations and quotations omitted) ("Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."*)*.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  Generally, a defendant may remove a civil action filed in state court to federal court if the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a).

## III.    Discussion

### A.     This Case Should Be Remanded to Los Angeles Superior Court.

Foster Wheeler removed this matter pursuant to the federal officer removal statute, which provides that "[t]he United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office" may remove to federal court.  28 U.S.C. § 1442(a)(1).  Removal is proper if the moving party can (1) demonstrate that it acted under the direction of a federal officer; (2) raise a colorable defense to the plaintiff's claims; and (3) demonstrate a causal nexus between the plaintiff's claims and acts it performed under color of federal office.  *Fung v. Abex Corp.*, 816 F. Supp. 569, 571-72 (N.D. Cal. 1992) (*citing Mesa v. California*, 489 U.S. 121, 124-25, 134-35 (1989)); *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (holidng that the defense need only be colorable).

Foster Wheeler claims that it is shielded from liability by military contractors immunity, which is set forth in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988).  In *Boyle*, the Supreme Court held that "[l]iability for design defects in military equipment cannot be imposed, pursuant to state law, when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about

the dangers in the use of the equipment that were known to the supplier but not to the United States." *Id.*, at 512.

In their Complaint, Plaintiffs have waived any claims that would give rise to military contractors immunity defense. Specifically, Plaintiffs allege in paragraph 8 of their Complaint that:

> Plaintiffs hereby waive any claims against . . . **FOSTER WHEELER, LLC**, as successor in interest to FOSTER WHEELER CORPORATION and FOSTER WHEELER ENERGY CORPORATION . . . relating to or arising out of Plaintiffs' asbestos exposure at military and federal government jobsites of from U.S. military vessels or equipment or at the direction of a federal officer or agent of a federal officer.

This Court agrees with the multitude of district courts that have found similar disclaimers sufficient to eviscerate Foster Wheeler's grounds for removal. *See Fisher v. Asbestos* Corp., 2014 WL 3752020 (C.D. Cal. July 30, 2014); *Phillips v. Asbestos Corp. Ltd.*, 2014 WL 794051 (N.D. Cal. Feb. 26, 2014); *Lockwood v. Crane Co.*, 2012 WL 1425157 (C.D. Cal. Apr. 25, 2012); *Pratt v. Asbestos Corp.*, 2011 WL 4433724 (N.D. Cal. Sept. 22, 2011); *Dobrocke v. Allis-Chalmers Corp. Prod. Liability Trust*, 2009 WL 1464153 (N.D. Cal. May 26, 2009); *Madden v. A.H. Voss. Co.*, 2009 WL 3415377 (N.D. Cal. Oct. 21, 2009); *Westbrook v. Asbestos Defendants*, 2001 WL 902642 (N.D. Cal. July 31, 2001).

In addition, in the Ninth Circuit, the government contractor defense "is only available to contractors who design and manufacture military equipment." *Snell v. Bell Helicopter Textron, Inc.*, 107 F.3d 744, 746 n.1 (9th Cir. 1997); *see also Cabalce v. Thomas E. Blanchard & Associates, Inc.*, 797 F.3d 720, 731 (9th Cir. 2015) (holding that the government contractor defense is limited to contractors who design and manufacture military equipment); *Nielsen v. George Diamond Vogel Paint Co.*, 892 F.2d 1450, 1455 (9th Cir. 1990) (holding that the government contractor defense did not apply when a former painter for the Army Corps of Engineers brought a products liability claim against the manufacturer of the paint used); *In re Hawaii Federal Asbestos Cases*, 960 F.2d 806, 812 (9th Cir. 1992) (holding that "asbestos insulation . . . does not represent military equipment entitling its manufacturers to the protections of the military contractor defense"); *McIntyre v. Warren Pumps*, 2007 WL 1279638, at *3 (N.D. Cal. Apr. 30, 2007) (finding asbestos was not military equipment because it was "no different from that used for civilian projects," and the insulation "was more like the Navy ordering a can of beans, so the argument goes, than commissioning an attack helicopter"); *Moore v. Asbestos Defendants (B*P)*, 2010 WL 2650487, at *4 (N.D. Cal. July 1, 2010) (finding asbestos was not military equipment because there was no evidence "that the government exercised 'direct and detailed' control over the design and manufacture of the insulation").

In this case, Foster Wheeler alleges that its boilers needed to be built according to precise military specifications, but it does not allege that the packing, gaskets, or insulation materials in those boilers needed to conform to similar specifications. For example, Foster Wheeler fails to allege that military specifications required the inclusion of asbestos in those insulation materials, packing, or gaskets. Therefore, Foster Wheeler has failed to allege facts demonstrating that the products for which it was sued – insulation materials, packing, and gaskets – constitute military equipment.

Moreover, the Court agrees with the district courts that have considered the type of showing submitted by Foster Wheeler in its Notice of Removal and have found such a showing insufficient to establish a colorable federal defense to a failure-to-warn claim. *See Lindenmayer v. Allied Packing & Supply, Inc.*, 2010 WL 234906, at *6 (N.D. Cal. Jan.14, 2010) (granting motion to remand and holding that when a contractor does not offer any evidence that it proposed a warning to the government, the contractor "cannot rely on a hypothetical assertion that such an effort would have been futile"); *see also Holdren v. Buffalo Pumps*, 614 F.Supp.2d 129, 144 (D.Mass. 2009) (remanding action and holding that the government contractor defense "does not shield defendants where the government might have exercised its discretion and final authority but did not"); *Prewett v. Goulds Pumps (IPG)*, 2009 WL 2959877, at *7 (W.D. Wash. Sept.9, 2009) (remanding action and holding that where defendant "provided no evidence that it ever attempted to warn, or that the Navy prohibited warnings," and relied solely on "hypothetical" theory that Navy "would have not allowed" defendant to place a warning on product if defendant had proposed a warning, defendant's "government contractor defense [was] not 'colorable'").

### B.     Plaintiffs' Request for Sanctions is Denied.

When a removed case is remanded to state court, the district court "may require payment of the just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). However, in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136, (2005), the Supreme Court held that "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."

In addition, under 28 U.S.C. § 1927, the Court may assess sanctions, including attorneys' fees, directly against attorneys who cause excess costs in litigation. Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Despite the language indicating a "reasonableness" standard, courts have limited awards under 28 U.S.C. § 1927 to cases where the attorney acted recklessly or in bad faith. *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983). However, unlike Federal Rule of Civil Procedure 11, a pleading does not have to be entirely frivolous for 28 U.S.C. § 1927 sanctions to attach, so long as a finding of bad faith is made. *Lone Ranger Television, Inc. v. Program Radio Corp.*, 740 F.2d 718, 727 (9th Cir.1984). The sanction must be imposed upon the attorney, not the client. *Zaldivar v. City of Los Angeles*, 780 F.2d 823, 831 (9th Cir.1986).

Beyond the Court's authority under 28 U.S.C. § 1927, the Supreme Court has acknowledged the Court's inherent authority to impose sanctions to control its caseload. *Chambers v. NASCO*, 501 U.S. 32 (1991).

In this case, the Court concludes that no unusual circumstances exist in light of authority supporting removal in similar factual scenarios and that Foster Wheeler did not remove this case in bad faith. *See, e.g., Adams v. Estate of Keck*, 210 F.Supp. 2d 863, 865 (W.D. Ky 2002) (holding

that, even without formal dismissal, removal was proper after agreement to settle with non-diverse defendant). Accordingly, the Court declines to impose attorneys' fees or sanctions on Foster Wheeler or its counsel.

## IV. Conclusion

For all the foregoing reasons, Plaintiffs' Application is **GRANTED in part and DENIED in part**. Plaintiffs' request to remand is **GRANTED**, and this action is **REMANDED** to Los Angeles Superior Court. Plaintiffs' request for sanctions is **DENIED**.

IT IS SO ORDERED.